UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 2:14-CV-840 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ANC VISTA I, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Wells Fargo Bank, N.A.'s (hereinafter "plaintiff") motion to dismiss defendants' counterclaim. (Doc. # 10). Defendants ANC Vista, LLC, et al. (hereinafter "defendants") filed a response, (doc. # 13), to which plaintiff replied, (doc. # 14).

**I.   Background**

Defendants are the borrowers and guarantors of a $21,000,000 loan from plaintiff. (Doc. # 1). When defendants failed to repay the loan, plaintiff foreclosed on the real property securing the loan. (Doc. # 1). The foreclosure did not generate sufficient recovery to satisfy the entire balance of the loan and left a deficiency of approximately $5,835,000. (Doc. # 1).

Plaintiff then filed a complaint against defendants for a deficiency judgment, alleging breach of the loan documents and guaranty agreements based on defendants' failure to pay the amount due under the loan. (Doc. # 1). Defendants filed an answer and counterclaim for breach of the covenant of good faith and fair dealing. (Doc. # 8). Plaintiff then filed the instant motion. (Doc. # 10).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

### A. Motion to dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 678-79. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of

**James C. Mahan**
**U.S. District Judge**

- 2 -

action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

   *B. Breach of the covenant of good faith and fair dealing*

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

"When one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). A breach of the duty of good faith and fair dealing can occur "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Id.* at 922-23.

To prevail on a theory of breach of the covenant of good faith and fair dealing, a plaintiff must establish each of the following: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and, (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

**III.   Discussion**

Defendants' counterclaim alleges that plaintiff violated the covenant of good faith and fair dealing by taking "arbitrary and unfair actions that disadvantage[d] [defendants], including without limitation unfair enforcement of the terms of the written agreements in contravention of [defendants]' justified expectations," and "performing under the loan documents and guarantees in a manner that was unfaithful to their purpose . . . ." (Doc. # 8).

1   More specifically, defendants claim that plaintiff "conducted itself in a manner designed to maximize a deficiency against [defendants]," namely by "arbitrarily disregard[ing] the established opinions of value upon maturity and shop[ping] for a lower opinion of value from an outside appraiser." (Doc. # 8). Defendants contend that plaintiff did so in order to seek "double recovery of the Loan obligation." (Doc. # 8). Defendants state that "the fair market value of the property as of the sale date exceeded the alleged loan indebtedness as of that same sale date." (Doc. # 8).

Plaintiff argues that defendants allege a breach of the covenant of good faith and fair dealing based solely on the fact that plaintiff has filed a deficiency action. (Doc. # 10). Plaintiff maintains that this is not a sufficient basis to show breach of the covenant of good faith and fair dealing because it does not "deliberately contravene the intention and spirit of the loan documents". (Doc. # 10).

Accepting defendants' allegations as true, the court finds that defendants have sufficiently alleged a breach of the covenant of good faith and fair dealing. Defendants' counterclaim alleges wrongdoing on the part of plaintiff that goes beyond merely filing suit. Plaintiff and defendants both concede that they were parties to a loan agreement, and the covenant of good faith and fair dealing is implied in every contract.

Further, defendants adequately allege that plaintiff "deliberately contravene[d] the intention and spirit of the contract," by underselling the property for its own gain. Finally, defendants claim that plaintiff's actions interfered with their justified expectations based on prior appraisals. These allegations are sufficient to preclude dismissal on the pleadings.

Plaintiff also claims that defendants' counterclaim should be dismissed as a matter of law because it makes the same allegations as defendants' affirmative defenses. (Doc. # 10). Plaintiff cites a prior order in which this court noted that courts may dismiss or strike counterclaims "if those claims raise the same facts or legal issues as those asserted in the pleadings, or which constitute a mirror image of the original complaint." *Righthaven LLC v. Choudhry*, No. 2:10-CV-2155-JCM-PAL, 2011 WL 1743839, at * 5 (D. Nev. May 3, 2011).

**James C. Mahan**
**U.S. District Judge**

- 4 -

The court also finds dismissal on this basis to be inappropriate. Notably, defendants' answer alleges a breach of the covenant of good faith and fair dealing on two grounds: (1) that the property was not sold for fair market value at the foreclosure sale, and (2) that plaintiff's claims are barred because plaintiff breached the express and implied covenants of the loan documents. (Doc. # 8).

However, defendants' counterclaim is more than just a "mirror image" of their affirmative defenses. As stated above, it alleges that plaintiff acted to "maximize a deficiency" against defendants and "arbitrarily disregard[ed] the established opinions of value" of the property, among other allegations. (Doc. # 8). Taken as true, these claims go beyond the affirmative defense and state a plausible claim for relief. For these reasons, the court will deny the instant motion.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to dismiss defendants' counterclaim, (doc. # 10), be, and the same hereby is, DENIED.

DATED August 28, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**