UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | Case No. 2:14-cv-00840-JCM-NJK |
| Plaintiff(s), ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ANC VISTA I, LLC, et al, ) | (Docket No. 24, 26, 38) |
| ) | |
| Defendant(s). ) | |

This case is not off to a good start. The Court entered a scheduling order on July 15, 2014, and has already received numerous discovery motions regarding initial disclosures, discovery responses, and third-party subpoenas. The acrimony between the parties and counsel is palpable, as evidenced by competing accusations of misconduct. The Court begins by reminding the parties that "[o]bstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). That is especially true in the discovery context, as "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug. 1, 2013) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "It is regrettable that counsel for the parties and/or the parties themselves have so much difficulty cooperating with discovery and the Court is often called upon to spell out detailed rights and responsibilities." *Id.* This case is early in the proceedings, and the Court expects the parties to better cooperate as the case moves forward and proceed with civility.

Currently pending before the Court are Defendants' motion to compel, Defendants' motion for sanctions, and Plaintiff's motion to file a surreply. The briefing and exhibits on these motions is more than 400 pages in length. Part of the difficulty in reviewing the motions is that the basis for the parties' arguments has changed as discovery has been provided after the filing of the motion to compel and for sanctions. Hence, the briefing includes "moving targets" as the discovery landscape has changed. At this time, the Court declines to wade through these filings to decipher what is or is not still in dispute between the parties, and what is or is not properly before the Court as encapsulated in the original motions, *cf. Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (courts generally do not consider issues raised for the first time in reply). Instead, the Court hereby ORDERS the parties' counsel to meet personally (*i.e.*, in a face-to-face meeting) to discuss the outstanding discovery disputes and attempt to resolve them. This meeting shall take place within fourteen days of the issuance of this order. In the event outstanding discovery issues remain, Defendants may file a renewed motion to compel. Defendants may also file a renewed motion for sanctions. Accordingly, Defendants' motions to compel and for sanctions are DENIED without prejudice.[1] The motion to file a surreply is DENIED as moot.

IT IS SO ORDERED.

Dated: November 20, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expresses no opinion herein regarding the merits of the pending motions. The Court also expresses no opinion herein regarding the pending motion to quash. *See* Docket No. 16.