UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff(s), | ) Case No. 2:14-cv-00840-JCM-NJK |
| vs. | ) **ORDER RE: MOTION TO QUASH** |
| ANC VISTA I, LLC, et al, | ) (Docket No. 16) |
| Defendant(s). | ) |

Pending before the Court is Plaintiff's motion to quash a subpoena. Docket No. 16. A response in opposition and a reply were filed. Docket Nos. 23, 36. For the reasons discussed below, the Court hereby ORDERS supplemental briefing. In ordering supplemental briefing, the Court expresses no opinion herein as to the merits of the motion.

The pending motion relates to whether discovery is proper regarding a 2012 appraisal. Plaintiff asserts that such discovery is precluded because the 2012 appraisal constitutes work product. A main point of contention is whether the appraisal at issue was created in anticipation of litigation. In this case, Plaintiff's bare bones motion (consisting of roughly two pages of text) asserts that:

> In 2012, counsel for Wells Fargo, Bryan Cave LLP, separately retained Mr. Garff to conduct an appraisal of the Property. Bryan Cave retained Mr. Garff in anticipation of the litigation that would result upon the maturity of the loan on December 31, 2012 and Defendants' failure to repay the loan upon maturity. Indeed, Defendants did not repay the loan upon maturity, and Wells Fargo filed a complaint on March 15, 2013 for, among other things, the appointment of a receiver for the Property, in Clark County District Court as Case No. A-13-678422-C.

Docket No. 16 at 2. The motion provides no citation in support of those assertions. Nor does the motion provide an actual date on which Mr. Garff was retained, alluding generally to "2012." Plaintiff did submit a declaration from its current counsel, asserting that: "Mr. Garff was also separately engaged by the law

firm of Bryan Cave, in its capacity as legal counsel for Wells Fargo, to appraise the Property again in 2012, in anticipation of litigation." *See* Docket No. 16 at 8. But the declaration provides no indication how Plaintiff's current counsel has personal knowledge of why attorneys at Bryan Cave retained Mr. Garff.

More detail is provided by Plaintiff for the first time in reply:

> Wells Fargo's attorneys, Bryan Cave LLP, engaged Mr. Garff in anticipation of initiating litigation on behalf of Wells Fargo to enforce its rights with respect to the loan and the property. Wells Fargo engaged Bryan Cave LLP in the months leading up to the maturity of the loan on December 31, 2012 and in anticipation of Defendants' failure to repay the loan at maturity. Bryan Cave, in turn, hired Mr. Garff to perform an appraisal of the property to enable it to recommend litigation strategy upon maturity.

Docket No. 36 at 4. Similarly, the reply asserts that "Bryan Cave LLP ordered the appraisal as part of its engagement to advise Wells Fargo responding how to proceed in litigation." *See id.* at 5 n.2. Once again, however, no evidentiary support is provided for these assertions.

Plaintiff bears the burden of showing the information is privileged. Other courts addressing similar motions have relied on declarations from the counsel who retained the appraiser, explaining the circumstances of that retention. *Cf. Bank of America, N.A. v. Malibu Canyon Investors, LLC*, 2012 WL 112592, *1-2 (D. Nev. Jan. 12, 2012) (finding appraisal privileged based on counsel's declaration explaining the circumstances of his retention of the appraiser). The Court declines to rule on the pending motion based on the record that has been presented. The Court will allow Plaintiff an opportunity to provide further support for the motion, however, and ORDERS that Plaintiff file a supplemental brief with an appropriate declaration (or other evidence) no later than November 26, 2014.[1] Defendants may respond with a supplemental response no later than December 3, 2014.

IT IS SO ORDERED.

Dated: November 20, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to the above, Plaintiff's reply asserts without citation that "Wells Fargo obtained two additional appraisals *after* Mr. Garff's 2012 appraisal and *before* proceeding with the trustee's sale." Docket No. 36 at 7 (emphasis in original). The Court was unable to locate any support for this assertion. Such support should be included in the supplemental brief.