# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) <br>                    Plaintiff(s), ) <br> vs. ) <br> ANC VISTA I, LLC, et al., ) <br>                    Defendant(s). ) | Case No. 2:14-cv-00840-JCM-NJK <br><br> ORDER DENYING MOTION TO SEAL <br><br> (Docket No. 69) |

       Pending before the Court is a motion to seal, Docket No. 69, which is hereby **DENIED** without prejudice. The motion to seal is defective in several respects. First, when a party files a motion to seal, concurrently therewith it must file under seal the subject document. *See* Local Rule 10-5(b). While Defendants included a place holder indicating that the subject exhibit was filed under seal, Docket No. 70-2, no such sealed exhibit has been filed.[1]

       Second, the only reason provided for the motion to seal is that Plaintiff has designated it as confidential pursuant to the stipulated protective order. *See* Docket No. 69 at 2. The Court previously outlined the procedure that must be followed in that situation:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith

---

[1] The document was submitted as part of a courtesy copy, but was not filed on the docket under seal as required. *See* Local Rule 10-5(b).

determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Docket No. 20 at 2-3. The pending motion to seal failed to comply with that procedure.

Accordingly, the pending motion to seal is hereby **DENIED** without prejudice. The Court **ORDERS** Defendants to confer with Plaintiff, no later than July 17, 2015, regarding the confidentiality designation of the subject document. To the extent a motion to seal remains necessary, it must be refiled in accordance with the above procedures no later than July 21, 2015. To the extent the parties do not believe that sealing is necessary, Defendants shall file the subject document on the public docket no later than July 21, 2015.

IT IS SO ORDERED.

DATED: July 14, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge