UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) Plaintiff(s), ) | Case No. 2:14-cv-00840-JCM-NJK |
| ) vs. ) | ORDER |
| ) AMC VISTA I, LLC, et al., ) | (Docket No. 78) |
| ) Defendant(s). ) | |

Pending before the Court is Defendants' motion to strike Plaintiff's expert and for other sanctions pursuant to Rule 37(c)(1). Docket No. 78.[1] Plaintiff filed a response and Defendants filed a reply. Docket Nos. 85-86, 91. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court hereby **GRANTS** the motion for sanctions in part and **DENIES** it in part.

**I.   APPLICABLE STANDARDS**

A party must disclose the identity of any expert witness it intends to use at trial. Rule 26(a)(2)(A). The party must also provide a written report of the expert. Rule 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the court orders. Rule 26(a)(2)(D). The Local Rules in this District–and the scheduling order issued in this case–require that initial expert disclosures

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

be made 60 days prior to the discovery cut-off and that rebuttal expert disclosures be made 30 days prior to the discovery cut-off . Local Rule 26-1(e)(3); Docket No. 12 at 3.

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to exclude evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rule 37(c)(1) enumerates a number of other potential sanctions, including payment of reasonable expenses incurred, an order that the movant may inform the jury of the opposing party's failure, and any other "appropriate" sanction, including those listed in Rule 37(b)(2)(A)(i)-(vi).

The court has wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the noncompliance involved willfulness, fault, or bad faith." *R&R Sails, Inc. v. Insurance Co. Of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

## II.  ANALYSIS

With the applicable standards in mind, the Court turns to its analysis. In this instance, Plaintiff does not dispute that the disclosure of the subject Dietrich report was untimely. *See* Docket No. 85 at 6. At the same time, Defendants were able to depose Mr. Dietrich within the discovery period and the late-disclosure has not delayed the case. The Court finds that the disclosure was sufficiently harmless that exclusion is not an appropriate remedy here. *See, e.g.*, *Boliba v. Camping World, Inc.*, 2015 WL 3916775, *2 (D. Nev. June 25, 2015) ("Harmlessness may be established if a disclosure is made

sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report" (citing *Cruz v. Durbin*, 2014 WL 4182334, *3 (D. Nev. Aug. 21, 2014); *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, *4 (D. Nev. Jan. 6, 2011)).

While that harmlessness is sufficient for Plaintiff to avoid an exclusion sanction, the untimely disclosure remains sanctionable. *See, e.g.*, *Cruz*, 2014 WL 4182334, at *3. In particular, Plaintiff's failure to timely disclose the subject Dietrich report resulted in Defendants' incursion of attorneys' fees and costs in having to depose Mr. Dietrich for a second time. The Court will mitigate this prejudice to Defendants by ordering Plaintiff to pay the reasonable attorneys' fees and costs associated with preparing for and deposing Mr. Dietrich for the second time. *See id*.

### III. CONCLUSION

For the reasons discussed more fully above, the motion to strike is hereby **DENIED**. Nonetheless, the alternative and additional request for attorneys' fees and costs is hereby **GRANTED** in part. The Court **ORDERS** Plaintiff to pay the reasonable attorneys' fees and costs associated with preparing for and deposing Mr. Dietrich for the second time. The parties are encouraged to meet-and-confer in an attempt to agree among themselves to a reasonable amount to be paid by Plaintiff. If they are unable to do so, then no later than September 16, 2015, Defendants shall submit appropriate paperwork supporting its request for attorneys' fees and costs. Any response to that paperwork shall be filed by Plaintiff no later than 7 days after it is filed.

Lastly, the Court **CAUTIONS** Plaintiff that it expects strict compliance with all deadlines in the future.

**IT IS SO ORDERED.**

DATED: September 9, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge