**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ANC VISTA I, LLC, et al, ) <br> ) <br> Defendant(s). ) <br> _____ ) | Case No. 2:14-cv-00840-JCM-NJK <br><br> **ORDER** <br><br> (Docket No. 70) |

Pending before the Court is Defendants' motion to compel. Docket No. 70. Plaintiff filed a response in opposition. Docket No. 75. Defendants filed a reply. Docket No. 79.[1] The motion came on for hearing on September 17, 2015. Docket No. 106. Plaintiff also filed at the Court's request an *ex parte* and sealed supplemental declaration. Docket No. 112. For the reasons discussed more fully below, the motion to compel is **DENIED**.

**I.    BACKGROUND**

Wells Fargo engaged Bryan Cave in December 2011 to provide legal services in connection with the loan at issue in this case. Docket No. 48 at ¶ 3. "In addition to other roles, Bryan Cave's representation of Wells Fargo included providing advice concerning the possible enforcement of Wells Fargo's rights and remedies under the various loan documents evidencing and reflecting the Loan." *Id.* at ¶ 5. As part of that

---

[1] Defendants filed a second reply several weeks later. Docket No. 87. Defendants then filed a notice withdrawing that second reply. Docket No. 88. Accordingly, the Court has not considered the second reply.

representation and in anticipation of litigation, Bryan Cave hired Gordon Garff to conduct an appraisal of the property for which the loan was obtained. *See id.* at ¶¶ 6, 7. Production of the Garff appraisal itself was subject to motion practice in this case. The Court concluded that Plaintiff had shown that the appraisal generally fell within the protection afforded by Rule 26(b)(4)(D) for non-testifying expert materials prepared in anticipation of litigation, but that exceptional circumstances existed such that its production was still required. *See Wells Fargo Bank, N.A. v. ANC Vista I, LLC*, 2015 WL 557069, *4, *6 (D. Nev. Feb. 11, 2015).

Shortly after the Garff appraisal was conducted, Plaintiff's counsel sought a review of the Garff appraisal from Plaintiff's in-house appraisal personnel. Docket No. 112 at ¶¶ 10, 12. In response to that request, Casey Merrill at Wells Fargo drafted a "RETECHS Standard Appraisal Review" concerning the Garff appraisal. *See* Docket No. 75-1 at 65 (redacted "Appraisal Review"); *see also* Docket No. 97 (Appraisal Review submitted for Court's *in camera* review).[2] Mr. Merrill sent the Appraisal Review to outside counsel at Bryan Cave, and sent a copy to another person who appears to be within Wells Fargo. *See, e.g.*, *id.*. Plaintiff has refused to produce the Appraisal Review, claiming attorney-client privilege. Defendants challenge that assertion of privilege through the pending motion.

## II.     STANDARDS

Because the Court sits in diversity in this case, it turns to state law to determine the existence of any privilege. *See* Fed. R. Evid. 501.[3] Nevada has codified the attorney-client privilege, providing that "a client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential

---

[2] The privilege log and some of the briefing refers to the Appraisal Review as being dated September 10, 2012. *See, e.g.*, Docket No. 70-1 at 29. The Appraisal Review is actually dated July 24, 2012. *See, e.g.*, Docket No. 75 at 2 n. 1.

[3] The parties do not address what law should apply and instead rely generally on Nevada and federal law. *See, e.g.*, Docket No. 70 at 8, Docket No. 75 at 4. It appears that the communication at issue occurred within Arizona. *See, e.g.*, Docket No. 75-1 at 65; Docket No. 112 at ¶ 2. Facing similar situations, other courts have applied Nevada law because the elements of the privilege are the same in both states and Nevada law applies under its choice of law principles. *See Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 625 (D. Nev. 2013) (applying Nevada law). Based on the parties' failure to address this issue and the applicable choice of law principles, the Court will apply Nevada law. When controlling Nevada authority is absent on a particular issue, the Court will turn to federal decisional law. *See, e.g.*, *id.*

communications" relating to attorney representation. *See* N.R.S. 49.095. The Nevada Supreme Court has made clear that the attorney-client privilege is to be narrowly construed because it impedes the search for the truth. *See Whitehead v. Nev. Com'n on Judicial Discipline*, 873 P.2d 946, 968 (Nev. 1994). The party claiming an attorney-client privilege bears the burden of proving that the privilege applies to the disputed communications or documents. *See Phillips*, 290 F.R.D. at 627 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992)).

"Attorney-client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation." *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 607 (D. Nev. 2005). When an attorney is employed for his legal knowledge and discretion in the law, a "matter committed to [that] professional legal advisor *is prima facie so committed for the sake of the legal advice* which may be more or less desirable for some aspect of the matter." *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (emphasis in original). "Communications between a client and its outside counsel are presumed to be made for the purpose of obtaining legal advice." *Phillips*, 290 F.R.D. at 634 (concluding that Nevada law would incorporate this presumption). This presumption can be rebutted upon a showing that the communication was not made in furtherance of the rendition of legal advice. *See id.* at 643; *see also Chen*, 99 F.3d at 1502 (such communication is privileged "unless it clearly appears to be lacking in aspects requiring legal advice").

### III. ANALYSIS

As noted above, Bryan Cave was retained as Plaintiff's outside counsel in late 2011 regarding the loan at issue in this case. Docket No. 48 at ¶ 3. The Appraisal Review was a communication between Wells Fargo and its outside counsel. Docket No. 75-1 at 65. As such, there is a rebuttable presumption that the communication was made for the purpose of rendering legal advice and is privileged.

Defendants attempt to rebut this presumption by arguing that Mr. Merrill conducted a standard review for FIRREA compliance that is done as a regular part of loan administration. *See* Docket No. 79 at 5-6 (discussing deposition testimony). Defendants assert that as an ordinary business document on its face, the Appraisal Review does not merit protection under the attorney-client privilege even though it was communicated to counsel. *See id.*

Plaintiff disputes Defendants' characterization of the document. In particular, Plaintiff argued at the hearing that the Appraisal Review goes beyond opining on whether the Garff appraisal was FIRREA compliant and "it provides actual feedback to a business lawyer on whether that appraisal was viewed to be a quality appraisal or not." Hearing Rec. (9/17/2015) at 3:16-3:17 p.m.; *see also id.* at 3:17 p.m. (business lawyer needs to know whether the appraisal was "shabby").[4] Plaintiff also submitted a supplemental declaration indicating that its counsel affirmatively directed the preparation of the report and used that feedback for the purpose of rendering legal advice. *See* Docket No. 112 at ¶¶ 9-15.

The Court agrees with Plaintiff that the applicable presumption has not been rebutted. Having reviewed the Appraisal Review, the record, and the arguments presented, the Court finds that the communication at issue was made in furtherance of the rendition of legal advice. Accordingly, the Appraisal Review falls within the attorney-client privilege.

## VI.   CONCLUSION

For the reasons discussed more fully above, the Court finds that the disputed Appraisal Review is protected by the attorney-client privilege. Accordingly, the motion to compel its production is **DENIED**. In light of this ruling, the concurrent motion for sanctions is also **DENIED**.

IT IS SO ORDERED.

Dated: September 28, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[4] Because a written transcript of the hearing is not currently available, the Court refers to the recording of the hearing and the time in which the statements were made.