UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 2:14-CV-840 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ANC VISTA I, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants ANC Vista I, LLC; American Nevada Holdings, LLC; Michael Saltman; Sonja Saltman; Michael Saltman and Sonja Saltman a Co-Trustees of the Saltman Living Trust dated May 29, 1997; and G.C. Investments, LLC's motion to reconsider Magistrate Judge Koppe's order denying defendants' motion to compel production of Retechs Standard Appraisal Review. (ECF No. 114). Plaintiff Wells Fargo Bank, N.A., filed a response. (ECF No. 115). Defendants did not file a reply and the time to do so has passed.

**I.      Background**

The instant action is familiar to the court and the parties. Defendants are the borrowers and guarantors of a $26,275,000 loan from plaintiff. (ECF No. 84 at Exh. 13). Upon maturity of the loan, with the debt totaling $24,156,106.47, defendants failed to repay the loan. (ECF Nos. 81, 95). Plaintiff, in return, exercised the power of sale under a deed of trust by selling defendants' apartment complex as collateral. (ECF No. 81). The property was sold for approximately $19,800,000 on May 15, 2014. (*Id.*).

Prior to the sale of the property there had been a number of appraisals of the property ranging from $38,500,000 in 2010 to $19,000,000 in 2014. (ECF No. 81). Bryan Cave LLP, plaintiff's counsel, hired Gordon Garff to conduct one of these appraisals. (ECF No. 48 at ¶¶ 6, 7).

**James C. Mahan**
**U.S. District Judge**

Shortly thereafter, plaintiff's counsel sought a review of the Garff appraisal from plaintiff's in-house appraisal personnel. (ECF No. 112 at ¶¶ 10, 12). In response, Casey Merill at Wells Fargo drafted the "Retechs Standard Appraisal Review" ("appraisal review"). *See* (ECF No. 75-1 at 65); *see also* (ECF No. 97). Mr. Merrill sent the appraisal review to Bryan Cave and Wells Fargo. (ECF No. 75-1 at 65).

Defendants filed a motion to compel disclosure of the appraisal review. (ECF No. 70). Plaintiff refused to produce the document, claiming attorney-client privilege. (ECF No. 75). The magistrate judge, after conducting an *in camera* review of the appraisal review, denied defendants' motion to compel because "the communication at issue was made in furtherance of the rendition of legal advice." (ECF No. 113 at 4).

**II.    Legal Standard**

A district court may only set aside a magistrate judge's determination of a pretrial matter, subject to certain enumerated exceptions, if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Likewise under the local rules, "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to 28 U.S.C. § 636(b)(1)(A) where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." L.R. IB 3–1(a).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793-RCJ-VPC, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012). The reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

. . .

. . .

. . .

**James C. Mahan
U.S. District Judge**

- 2 -

### III. Discussion

Defendants argue that Magistrate Judge Koppe's order is clearly erroneous because the appraisal review was created for business reasons rather than legal advice and that the purpose of sending the document to Bryan Cave was to shield it from disclosure. (ECF No. 114 at 12-20). Plaintiff argues that the magistrate judge did not err because the purpose of the appraisal review was to assist Bryan Cave in providing legal advice in anticipation for litigation. (ECF No. 115 at 4–5, 8).

Because the court sits in diversity jurisdiction over state law claims, state law applies in determining the existence of an attorney-client privilege. *See* Fed. R. Evid. 501; *see also Phillips v. C.R. Bard, Inc.,* 290 F.R.D. 615, 625 (D. Nev. 2013) (applying Nevada law). The Nevada legislature has expressly recognized attorney-client privilege. *See* NRS 49.095 (1971). "General attorney-client privilege" pursuant to NRS 49.095 allows a client to "refuse disclosure, and prevent any other person form disclosing, confidential communications." *Id*. "A communication is 'confidential' if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." NRS 49.055.

The statute applies only to confidential communications that a client makes: 1) between himself or his representative and his lawyer or lawyer's representative, 2) between his lawyer and the lawyer's representative, and 3) for the purpose of facilitating the rendition of professional legal services to the client, by him or his lawyer to a lawyer representing another in a matter of common interest. NRS 49.095.

The party asserting the attorney-client privilege has the burden of proving its applicability. *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1040 (D. Nev. 2006). However, "communications between a client and its outside counsel are presumed to be made for the purpose of obtaining legal advice." *Phillips*, 290 F.R.D. at 634. This presumption is rebuttable by showing that the communication was not made in furtherance of the rendition of legal advice. *See id*. at 643; *see also United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (such

communication is privileged "unless it clearly appears to be lacking in aspects requiring legal advice").

The appraisal review was a communication between plaintiff and outside counsel Bryan Cave, creating the presumption that the communication was made for the purpose of obtaining legal advice. (ECF No. 48 at ¶ 3); *see Phillips*, 290 F.R.D. at 634. Defendants attempt to rebut this presumption by showing that various individuals admit that the appraisal review is an ordinary business document and that it was sent to Bryan Cave for the purpose of protecting it from disclosure. (ECF No. 114 at 14-18).

However, defendants' arguments are unconvincing because the very testimony that defendants cite states that the appraisal review was more than an ordinary business document because it was sent to Bryan Cave in anticipation of litigation. (ECF No. 114 at 27:24-29:3). Furthermore, the magistrate judge has conducted an *in camera* review of the document and found that the communication was in furtherance of the rendition of legal advice. (ECF No. 113 at 2, 4). Accordingly, a review of the evidence does not give the court a firm conviction that Magistrate Judge Koppe's order is clearly erroneous nor does the court find any misapplication of statutes, case law, or rules of procedure. *See Ressam,* 593 F.3d at 1118; *see also Global Advanced Metals*, 2012 WL 3884939, at *3.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants ANC Vista I, LLC, et. al., motion to reconsider Magistrate Judge Koppe's order denying defendants' motion to compel production of Retechs Standard Appraisal Review (ECF No. 114), be, and the same hereby is, DENIED.

DATED July 14, 2016.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -