UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 2:14-CV-840 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ANC VISTA I, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo" or "plaintiff") motion *in limine* regarding the testimony of Gordon Garff. (ECF No. 127). Defendants ANC Vista I, LLC, American Nevada Holdings, LLC, G.C. Investments, LLC, Michael Saltman, and Sonja Saltman (collectively, as "defendants") filed a response. (ECF No. 131).

Also before the court is plaintiff's motion *in limine* regarding the testimony of Tio DiFederico (ECF No. 128), to which defendants responded (ECF No. 132).

**I.     Facts**

This is a deficiency judgment action, the facts and procedure of which the court and parties are familiar. Thus, the court will address only those facts that are pertinent to resolution of the instant motions *in limine*.

Pursuant to the pretrial order dated April 20, 2016, two issues of fact are to be tried and determined upon a bench trial: (1) the fair market value of the property as of January 21, 2014 (the "sale date"); and (2) the date, if any, upon which interest at the default rate began to accrue on the balance of the loan. (ECF No. 118 at 5).

In the instant motions, plaintiff Wells Fargo moves for an order excluding the testimony of Gordon Garff and Tio DiFederico. (ECF Nos. 127, 128).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104.  Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence.  *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions *in limine* may be used to exclude or admit evidence in advance of trial.  *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*.  *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").  Further, "in limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III. Discussion

In the instant motions, plaintiff Wells Fargo moves to exclude the testimony of defendants' proposed witnesses, Gordon Garff and Tio DiFederico.  (ECF Nos. 127, 128).  Mr. Garff had appraised the property for plaintiff in the years preceding the sale date, in 2009, 2010, and 2012. (ECF No. 127).  Mr. DiFederico had appraised the property for nonparty UNLV in July 2013. (ECF No. 128).

Defendants argue that historic valuations of the property are relevant and helpful in determining the value of the property as of the sale date given the divergent valuations of the

James C. Mahan
U.S. District Judge

- 2 -

1  property as of the sale date by defendants' expert Keith Harper and plaintiff's expert Robert
2  Dietrich. (ECF Nos. 131, 132). More specifically, defendants assert Mr. Harper opined that the
3  property's value as of the sale date was $31,850,000.00, whereas plaintiff's expert, Mr. Dietrich,
4  opined that the property's value as of the sale date was $19,000,000.00. (ECF No. 131).

Plaintiff contends that the opinions of Mr. Garff and Mr. DiFederico regarding the value of the property in the years preceding the sale date are irrelevant because they have no bearing upon the value of the property as of the January 2014 sale date. (ECF Nos. 127, 128). Plaintiff further contends that the testimony of Mr. Garff and Mr. DiFederico should be excluded as cumulative of other evidence under Rule 403 because both parties have retained their own testifying experts who will offer their opinions regarding the property's value as of the sale date. (ECF Nos. 127, 128). The court agrees.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

Further, rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. District courts have considerable latitude in performing a Rule 403 balancing test. *See, e.g.*, *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 688 (9th Cir. 2001).

The testimony of Mr. Garff and Mr. DiFederico regarding the property's value in the years preceding the sale date are irrelevant as the issue to be determined at trial is the fair market value of the property as of the sale date, January 21, 2014. Further, their testimony is cumulative as the parties have retained experts to testify as to the value of the property as of the sale date.

Accordingly, the court will grant plaintiff's motions *in limine* (ECF Nos. 127, 128) and exclude the testimony of Mr. Garff and Mr. DiFederico.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motions *in limine* (ECF Nos. 127, 128) be, and the same hereby are, GRANTED.

DATED December 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**